Filed 11/15/22 In re E.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re E.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B315127 (Super. Ct. No. FJ56399) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>E.A.,<br><br>    Defendant and Appellant. | |

E.A. appeals the juvenile court's order sustaining a wardship petition alleging possession of a firearm by minor. (Welf. & Inst. Code, § 602;[1] Pen. Code, § 29610.)  He contends the

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

juvenile court erroneously denied his suppression motion pursuant to section 700.1. We affirm.

FACTS AND PROCEDURAL HISTORY

At about 6:00 p.m., June 2021, two Los Angeles police officers were on patrol when they noticed a group of approximately eight males standing in the middle of the street near the intersection of 17th and Oak Street. The officers also observed a vehicle in the westbound driving lane of 17th Street that appeared to be attempting to cross Oak Street but was blocked by the group standing in the street. The officers stopped their patrol car to detain the individuals for violating the Vehicle Code regarding pedestrians on the roadway. (Veh. Code, § 21954.)

Upon exiting the patrol car, Officer Barrera ordered the group to the sidewalk. All of the individuals complied except appellant. Instead, he turned and walked down the street toward his parked vehicle and attempted to enter it. Meanwhile, as Officer Yahcamara exited the patrol car, he observed a "bulge" at appellant's waistband, which he believed to be the handle of a firearm. Officer Yahcamara physically detained appellant, performed a pat search, and recovered a firearm.

After the group was moved from the street to the sidewalk, the officers determined the vehicle that they initially believed was attempting to cross Oak Street was in fact unoccupied and illegally parked in the driving lane of the street.

In denying the motion to suppress, the juvenile court indicated that it had listened to Officer Yahcamara's testimony and watched the body-worn camera video of both officers. It further stated, "I believe that [appellant] was part of the collective group that was blocking the roadway . . . . ¶ I think it

2

was a lawful detention and a lawful pat down . . . the fruit of which was a gun. So, the motion is denied." Thereafter, the juvenile court sustained the section 602 petition and ordered appellant to continue as a ward of the court.

## DISCUSSION

Appellant erroneously contends the juvenile court erred in denying his motion to suppress because both the initial detention and subsequent search were unlawful.

In reviewing the denial of the suppression motion, we defer to the juvenile court's factual findings if supported by substantial evidence, but independently review its application of the law to those findings. (*In re H.M.* (2008) 167 Cal.App.4th 136, 142.)

The Fourth Amendment guarantees the right to be free of unreasonable searches and seizures by law enforcement personnel. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1, 8-9 (*Terry*).) However, an officer may conduct a brief, investigative stop when the officer has reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. (*United States v. Sokolow* (1989) 490 U.S. 1, 7; *Terry*, at p. 22.) An ordinary traffic stop is treated as an investigatory detention and is justified if it is based on at least reasonable suspicion that an individual has violated the Vehicle Code or some other law. (*People v. Durazo* (2004) 124 Cal.App.4th 728, 734-735.) The reasonable suspicion standard is not based on the officer's subjective state of mind, rather it is objective in nature and determined based on the totality of the circumstances. (*In re Edgerrin J.* (2020) 57 Cal.App.5th 752, 762; *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145 (*Letner and Tobin*); *Sokolow*, at p. 8.)

3

Here, appellant's initial detention was justified based on the officers' observations that appellant, along with seven other individuals, was unlawfully standing in the middle of the street blocking a vehicle on the roadway. Vehicle Code section 21954, subdivision (a) provides: "Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway so near as to constitute an immediate hazard."

Appellant cites *People v. Ramirez* (2006) 140 Cal.App.4th 849, and contends the stop was "nothing more than a subterfuge" to detain Hispanic males "for which there was no legal basis." This argument lacks merit for the following reasons. First, there is no evidence in the record to support appellant's contention that the officers impermissibly detained him because he is Hispanic. Second, *Ramirez* is distinguishable and does not support a finding that the detention in this case was unlawful. In *Ramirez*, the officer witnessed an individual crossing an intersection diagonally who was already three-quarters of the way from the other side of the street. The only visible vehicle was the officer's patrol car. (*Id.* at pp. 853-854.) In reversing the trial court's denial of the suppression motion, the Court of Appeal concluded there was no violation of Vehicle Code section 21954 because the defendant had not impeded anyone on the roadway and the officer's patrol car did not pose an "immediate hazard." (*Id.* at pp. 852-854.)

Appellant contends, like *Ramirez*, he could not have violated Vehicle Code section 21954 because there was no "traffic" at the time of the detention. But appellant's contention ignores the officer's testimony that he observed a vehicle located

4

in the driving lane of 17th Street that appeared to be crossing, or about to cross, Oak Street. It is irrelevant that the vehicle was later determined to be unoccupied and parked in the middle of the street. Rather, the relevant consideration is what "circumstances [were] known or apparent to the officer" at the time of the investigative stop. (*In re Tony C.* (1978) 21 Cal.3d 888, 893.) "'[W]e cannot reasonably demand scientific certainty from . . . law enforcement officers where none exists. . . .'" (*Letner and Tobin, supra*, 50 Cal.4th at p. 146.) Based on the foregoing reasons, the initial detention was lawful.

The detention and pat search of appellant were also lawful. Officer Yahcamara testified that as he exited his patrol car, he observed a "bulge" in appellant's waistband area, which based on his training and experience, was consistent with the handle of a firearm. Where, as here, an officer "reasonably suspects that an individual whose suspicious behavior he or she is investigating is armed and dangerous to the officer or others, [the officer] may perform a pat search for weapons." (*In re H.M., supra*, 167 Cal.App.4th at p. 143; *Terry, supra*, 392 U.S. at pp. 24, 30.) In light of the officer's suspicion that appellant had a firearm, and given appellant's suspicious behavior during the detention, including his refusal to follow commands, it would be unreasonable to deny the officer the power to "neutralize the threat of physical harm." (See *Terry*, at p. 24; *In re Jeremiah S.* (2019) 41 Cal.App.5th 299, 305; *Illinois v. Wardlow* (2000) 528 U.S. 119, 124.)

Finally, appellant's contention that evidence of the firearm should be suppressed as fruit of the poisonous tree is meritless. There was no poisonous tree.

DISPOSITION

The judgment (orders denying motion to suppress and sustaining section 602 petition) is affirmed.

NOT TO BE PUBLISHED.


                                          YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

6

Christina L. Hill, Judge
Superior Court County of Los Angeles

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.